UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| AMBER JONES and DEANNA LACK, | ) | |
|---|---|---|
| PLAINTIFFS, | ) | |
| v. | ) | NO. 3:16-00677 |
| | ) | JUDGE CRENSHAW |
| KENT COLEMAN, *et. al.*, | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Amber Jones and Deanna Lack filed this action against the members of the Tennessee Registry of Election Finance ("the Registry"), under 42 U.S.C. § 1983, seeking to prevent the Registry from imposing certain requirements on their unincorporated group of parents as a political action committee ("PAC"). Before the Court is the Registry's motion to dismiss. (Doc. No. 10.) For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I. ALLEGATIONS

In the fall of 2015, Plaintiffs and their friends formed an unincoporated group of parents called the Association for Accurate Standards in Education ("AASE"), which opposed a rival group's advocacy to remove a social studies textbook used in White County, Tennessee, that discusses Islam. (Doc. No. 1 at 2-3.) The AASE is an informal group without membership requirements, meetings, a treasurer, or a separate bank account. (Id. at 4.) It currently has approximately eight members, with Jones serving as the president and Lack as the secretary. (Id. at 4-5.) Approximately five or six people have donated to the AASE since Plaintiffs formed the

group. (Id. at 5.) Jones donated $180, Lack donated $65, and the remainder of the donations were between $5 and $20. (Id.) All AASE members are part-time volunteers. (Id.)

On August 4, 2016, the White County Board of Education is holding an election for four of the seven seats on the Board. (Id.) Plaintiffs intend to support and oppose candidates for at least two of the four open seats. (Id.) In particular, Plaintiffs intend to support the opponent of Citizens Against Islamic Indoctrination ("CAII") candidate Anthony Wright, running in District Two. (Id. at 5-6.) Additionally, Plaintiffs intend to support Janet Webb in District Three against the CAII candidate Bryan Wright. (Id. at 6.) Plaintiffs intend to spend less than $250 total for this election. (Id.)

In October 2015, Plaintiffs met with Kim Henke and Susan Drury of the Williamson Strong group, which speaks about public education issues in Williamson County, Tennessee. (Id.) During their meetings, Plaintiffs learned that the Registry fined Williamson Strong $5,000 for not certifying a treasurer or filing financial disclosure statements. (Id. at 7.) Plaintiffs viewed the AASE as a comparable group to Williamson Strong and became concerned about whether they could support or oppose candidates in White County without the Registry fining them. (Id.) Therefore, they filed this complaint, asking the Court to find the law that the Registry used to fine Williamson Strong violates the First and Fourteenth Amendments of the United States Constitution. (Id. at 9-14.)

II. STANDARD OF REVIEW

Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss. FED. R. CIV. P. 12(b)(1). The party opposing dismissal has the burden of proving subject matter jurisdiction. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). Specifically, the non-moving party must show that the complaint "alleges a

claim under federal law, and that the claim is 'substantial.'" Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996) (holding that a complaint is "substantial" unless "prior decisions inescapably render [it] frivolous."). That is to say, the non-moving party will survive the motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint. Id. The Court construes "the complaint in a light most favorable to the plaintiff, accept[s] as true all of plaintiff's well-pleaded factual allegations, and determine[s] whether the plaintiff can prove no set of facts supporting [his] claims that would entitle him to relief." Ludwig v. Bd. Of Trustees of Ferris St. Univ., 123 F.3d 404, 408 (6th Cir. 1997).

III.  ANALYSIS

The Registry argues that the Court should abstain from hearing this case, pursuant to Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), while the state courts are interpreting the state law in question. Plaintiffs argue that abstention is inappropriate in this case because the state law is not vague and they will not obtain the relief in the state courts in time for the election.

A.  THE STATE LAW IN QUESTION

The Tennessee Code Annotated imposes many requirements on PACs (collectively, the "PAC requirements"). (Doc. No. 1 at 9-11.) However, the initial question is whether the AASE qualifies as a PAC under Tennessee law. Tennessee has not made that determination yet, as they have not fined or otherwise indicated that the AASE would be subject to the PAC requirements. In fact, the Registry has taken the position in this case that the AASE is not a PAC, and is therefore not subject to the PAC requirements. (Doc. No. 23 at 15-16.) Plaintiffs argue that the AASE is a PAC, as defined in Tennessee Code Annotated Section 2-10-102(12)(A). (Doc. No. 29 at 8.)

Tennessee law defines a PAC as:

> A combination of two (2) or more individuals, including any political party governing body, whether state or local, making expenditures, to support or oppose any candidate for public office or measure, but does not include a voter registration program . . . .

TENN. CODE ANN. § 2-10-102(12)(A) (2015). The Registry argues that this provision does not apply to AASE because it is an organization, not "two or more individuals." (Doc. No. 23 at 15.) Plaintiffs counter that the Registry would consider their unincorporated group of individuals a PAC, as they did with Williamson Strong. (Doc. No. 29 at 8.)

B. THE WILLIAMSON STRONG CASE

In <u>Williamson Strong v. The Tennessee Bureau of Ethics and Campaign Finance Registry of Election Finance</u>, No. 3:15-cv-00739 (M.D. Tenn., filed July 1, 2015), Williamson Strong sued the Registry under § 1983, claiming that the Registry's fine violates the First Amendment and the Tennessee Constitution. <u>Williamson Strong</u>, ECF No. 23, at 3 (Oct. 9, 2015). Williamson Strong specifically challenged the enforceability of Section 2-10-102(A). <u>Id.</u> The Registry filed a motion to dismiss, asking the court to abstain from deciding the case under <u>Younger v. Harris</u>, 401 U.S. 37 (1971). <u>Williamson Strong</u>, ECF. No. 23 at 4.

The court determined that the <u>Younger</u> abstention applies and stayed the case pending the result of the state court proceedings. <u>Id.</u> at 5. It found that "it is clear that the parties are subject to ongoing state administrative enforcement proceedings such that the application of <u>Younger</u> abstention is warranted here." <u>Id.</u> It found that the "Registry proceedings necessarily implicate important state interests because they relate to the enforcement of Tennessee's campaign finance laws." <u>Id.</u> It further found that the plaintiffs could bring their constitutional claims to state court if the Registry upholds the civil penalties assessed against them. <u>Id.</u>

C. YOUNGER VS. PULLMAN

The abstention doctrines of Pullman and Younger "serve the common goal of judicial restraint as a means of avoiding undue federal interference with state goals and functions." Juidice v. Vail, 430 U.S. 327, 348 (1977) (Stewart, J., dissenting). Abstention is a "limited exception to the 'virtually unflagging' obligation of federal courts to exercise the jurisdiction given to them." Assoc. Gen. Contractors of Ohio v. Drabik, 214 F.3d 730, 739 (6th Cir. 2000) (quoting MacDonald v. Village of Northport, Mich., 164 F.3d 964, 967-68 (6th Cir. 1999)). While serving the same purpose, the two doctrines have different requirements.

The Williamson Strong court found that it was required to abstain under Younger because: (1) the state proceedings were ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claim. Williamson Strong, ECF No. 23, at 4-5; see also Squire v. Coughlan, 469 F.3d 551, 555 (6th Cir. 2006) (discussing the elements of Younger abstention).

Here, the Registry asks the Court to abstain under Pullman. Under Pullman, "when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state law question and thus avoid the possibility of unnecessarily deciding a constitutional question." Drabik, 214 F.3d at 739 (quoting Harris Cnty. Comm'rs Ct. v. Moore, 420 U.S. 77, 83 (1975)). The court should only abstain if "the resolution of state-law issues [can] resolve the constitutional dispute before [the] court." Hunter v. Hamilton Cnty. Bd. of Elections, 635 F.3d 219, 233 (6th Cir. 2011).

D. APPLICATION TO AASE

The Court will abstain from hearing this action while the Williamson Strong proceeding is pending in state courts. The only statute that the Registry could use to inflict the PAC requirements on the AASE is if it interprets Section 2-10-102(12)(A) to include unincorporated organizations. While the Registry previously found that it did when it fined Williamson Strong, that interpretation is currently being questioned in administrative proceedings. If the Registry upholds the fine, Williamson Strong can challenge the interpretation in chancery court under both the state and federal constitutions. <u>Williamson Strong</u>, ECF No. 23, at 5-6. If the Registry determines that Section 2-10-102(12)(A) does not apply to Williamson Strong, there is no plausible argument that the AASE would be required to comply with the PAC requirements. Therefore, the resolution of the state-law issues can resolve the constitutional dispute before the Court.

Plaintiffs argue that Section 2-10-102(A) clearly applies to the AASE, which makes abstention inappropriate. (Doc. No. 29 at 6.) It contends that the "Registry has never wavered on this." (<u>Id.</u> at 8.) However, it also notes that this is the "central allegation against Williamson Strong," which is being challenged in the state courts. (<u>Id.</u>) The Registry has not had the opportunity to review its interpretation of the statute, and the state courts have not had a chance to interpret it. Since there is a question of whether the Registry will uphold the fine against Williamson Strong, there is still an open state law question regarding the interpretation of the statute.

Plaintiffs also argue that they cannot wait for the Williamson Strong decision. (<u>Id.</u> at 3.) They contend that by the time the Registry makes its decision, the election will have passed. (<u>Id.</u>) However, nothing precludes the AASE from donating to supporting or opposing candidates in the upcoming election. The Registry has not levied fines against the AASE, nor has the Registry

threatened to fine it. Instead, the Registry maintains that Section 2-10-102(A) does not apply to the AASE. If the AASE does support or oppose candidates and the Registry fines it, the AASE can then initiate an administrative action with the Registry as Williamson Strong did, and challenge its administrative decision in chancery court. If the state courts uphold the fine, Plaintiffs can re-open this case to challenge the state courts' holding in federal court.

E. CONCLUSION

For the foregoing reasons, the Court finds that it must abstain pending the state court proceedings regarding Williamson Strong. Therefore, Defendant's motion to dismiss is **GRANTED IN PART** with regards to abstaining, and **DENIED IN PART** in terms of dismissing the case. The case is **STAYED**. All further claims in the motion to dismiss are **DENIED WITHOUT PREJUDICE**. All pending motions are **DENIED AS MOOT**.

The preliminary injunction hearing, set for June 23, 2016, is **CANCELLED**.

The Clerk is directed to administratively close this case. After the state court proceedings are finalized, Plaintiffs must file a status report as to whether a dispute remains in this case. Plaintiffs may file a motion to reopen the case at that time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE