# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMBER JONES and DEANNA LACK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:16-cv-00677 |
| ) | JUDGE CRENSHAW |
| KENT COLEMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs Amber Jones and Deanna Lack brought this case against Defendants, individual members of the Tennessee Registry of Election Finance (collectively "the Registry"), challenging the constitutionality of Tennessee's requirements for political action committees ("PACs"). The Court previously stayed this case, pursuant to Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), to provide the state courts an opportunity to interpret the state law in question and potentially "avoid the possibility of unnecessarily deciding a constitutional question." (Doc. No. 39.) Before the Court is Plaintiffs' motion to alter judgment (Doc. No. 40), pursuant to Federal Rule of Civil Procedure 59(e). Plaintiffs argue that they are entitled to relief under Rule 59(e) because there is: (1) newly discovered evidence; (2) a clear error of law; and (3) a need to prevent manifest injustice. (Doc. No. 41 at 2.) For the following reasons, Plaintiffs' motion is **DENIED**.

I. NEWLY DISCOVERED EVIDENCE

Plaintiffs claim that an unincorporated association is "a combination of two (2) or more individuals" under Tennessee law, and that issue was never disputed in the Registry's Williamson Strong case. (Doc. No. 41 at 2-3.) This is unpersuasive because the claim in Williamson Strong's Registry complaint is that Williamson Strong is an unincorporated association and not "a

combination of two (2) or more individuals." <u>Williamson Strong v. The Tennessee Bureau of Ethics and Campaign Finance Registry of Election Finance</u>, No. 3:15-cv-00739, ECF No. 7-3, at 2-3 (M.D. Tenn. July 30, 2015). Nevertheless, after the Court's decision, Williamson Strong stipulated with counsel for the Registry that "an unincorporated association constitutes a 'combination of two (2) or more individuals' for the purposes of Tennessee Code Annotated § 2-10-102(12)(A)."[1] (Doc. No. 42-1 at 4.) Plaintiffs claim that it is newly discovered evidence that Williamson Strong is not contesting whether it qualifies as a PAC under Section 2-10-102(12)(A).

"A district court may grant a Rule 59(e) motion . . . only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." <u>Henderson v. Walled Lake Consol. Schs.</u>, 469 F.3d 479, 496 (6th Cir. 2006). When a plaintiff presents newly discovered evidence, the movant must demonstrate: "(1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." <u>HDC, LLC, v. City of Ann Arbor</u>, 675 F.3d 608, 615 (6th Cir. 2012) (quoting <u>Good v. Ohio Edison Co.</u>, 149 F.3d 413, 423 (6th Cir. 1998)).

Assuming that the stipulated fact is newly discovered evidence that Williamson Strong is not contesting whether it qualifies as a PAC under Section 2-10-102(A) in the state administrative proceedings, the evidence is not "material and controlling," and if Plaintiffs had presented this evidence before the original judgment, it would not "clearly" have produced a different result. The Court may abstain under <u>Pullman</u> even if there is no ongoing state litigation. <u>Compare Gottfried v. Med. Planning Servs., Inc.</u>, 142 F.3d 326 (6th Cir. 1998) (abstaining under Pullman in order to avoid interpretation of an uncertain state law even though there was no presently ongoing state

---

[1] Counsel representing Williamson Strong in the administrative proceeding is the same counsel representing Plaintiffs in this case.

proceeding) with Younger v. Harris, 401 U.S. 37, (1971) (requiring there be an ongoing state prosecution that targets one of the parties) and Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976) (requiring there be an ongoing state proceeding parallel to the federal case). Even if there was evidence that there was not an ongoing state administrative proceeding to interpret the statute presented to the Court before the original judgment, it would not "clearly" have produced a different result.

If anything, the newly-discovered evidence shows that the state law at question is unresolved, and the state courts should interpret it before the Court can decide the constitutionality of the statute. Plaintiffs assert multiple times that the Registry is taking conflicting positions in this case and its case against Williamson Strong. If so, that inconsistency tends to show that the state question at issue is unresolved, and the state courts should resolve it before the Court determines its constitutionality.

II. OTHER GROUNDS FOR RELIEF

Plaintiffs also claim that they are entitled to relief because the Court's memorandum contained a "clear error of law" and to "prevent a manifest injustice." Plaintiffs rely on arguments made in their opposition to the Registry's motion to dismiss. The Court has considered those arguments, and they are rejected for the reasons stated in the Court's memorandum opinion. (Doc. No. 39.)

III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to alter judgment is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE