UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMBER JONES and <br> DEANNA LACK, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM J. HAYNES, III, et al, <br><br> Defendants. | No. 3:16-cv-00677 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion for Attorney's Fees and Expenses (Doc. No. 88), to which Defendants have filed a Response in opposition (Doc. No. 92), and Plaintiffs have filed a Reply (Doc. No. 93-1). The Court subsequently held oral argument on Plaintiffs' motion on October 25, 2018. (Doc. No. 95.) The Court ordered supplemental briefing, and the parties have now filed their respective briefs. (See Doc. Nos. 96, 97.) For the reasons stated below, Plaintiffs' Motion for Attorney's Fees and Expenses will be denied.

## BACKGROUND

This case was brought by parents of children in White County, Tennessee, who formed a group, in part, to oppose and support certain candidates for the White County Board of Education. (See Doc. No. 1.) Plaintiffs filed suit against the Tennessee Registry of Election Finance for declaratory and injunctive relief, alleging that the registration and disclosure requirements for political campaign committees under Tennessee's Campaign Financial Disclosure Act were unduly burdensome and violated their First and Fourteenth Amendment rights. (Id.) Plaintiffs

1

specifically challenged the definition of "political campaign committee" found in Tenn. Code Ann. § 2-10-102(12)(A). (Id. at 9-10.)

This Court initially stayed the case on abstention grounds (Doc. No. 39), and the Sixth Circuit Court of Appeals reversed and remanded the case for further proceedings (Doc. No. 50). Before the case was remanded, however, legislation was introduced in the Tennessee General Assembly to repeal Tenn. Code Ann. § 2-10-102(12)(A). (See Doc. 59-3.) Rather than enter into an agreement to stay the case pending a vote on the proposed legislation, Plaintiffs filed a renewed Motion for Preliminary Injunction, asking the Court to enjoin Defendants from enforcing Tenn. Code Ann. § 2-10-102(12)(A).[1] (Doc. No. 54.) Defendants opposed the renewed motion and moved to stay all proceedings in light of the pending, proposed legislation. (Doc. No. 59.)

In an Order dated April 19, 2017, this Court granted Plaintiffs' Renewed Motion for Preliminary Injunction, enjoining Defendants from enforcing Tenn. Code Ann. § 2-10-102(12)(A) pending further Order of the Court. (Doc. No. 70.) The Court also granted Defendants' Motion to Stay. (Id.) The Court explained that it was granting the injunction based upon Defendants' representation that they did not intend to enforce the statute against Plaintiffs (Doc. No. 69 at 7) and that it was unnecessary for the Court to decide the constitutionality of the statute at issue at that time. (Id. at 10).

---

[1] Plaintiffs represented, in support of their Renewed Motion for Preliminary Injunction, that they wanted to support a particular unopposed candidate in a then-upcoming 2017 special election for House District 95. (Doc. No. 55 at 5-7.) In their Complaint, Plaintiffs sought to participate in a different election, for the White County School Board. (See Doc. No. 1.) By the time of the Renewed Motion, that election was over. The Complaint however, was not limited to one election; Plaintiffs sought to enjoin the statute forever. (Id.)

On May 9, 2017, Governor Bill Haslam signed into law legislation that amended the definition of a political campaign committee to exclude the language challenged by Plaintiffs in this case. (See Doc. No. 71-1.) Defendants renewed their Motion to Dismiss, Plaintiffs opposed that motion, and the Court dismissed the case as moot. (See Doc. No. 80.) Once again, Plaintiffs appealed. (Doc. No. 82.) The Sixth Circuit affirmed this Court's dismissal, determining that Plaintiffs' case was moot following the repeal of Tenn. Code Ann. § 2-10-102(12)(A). (Doc. No. 86.) Dismissal of the case dissolved the preliminary injunction.

Subsequently, Plaintiffs sought attorneys' fees in the amount of $214,667.50 and expenses in the amount of $2,730.01. (Doc. No. 88.) However, at oral argument, the Court asked Plaintiffs to recalculate their fees and expenses through the date of the preliminary injunction, April 19, 2017. Upon recalculation, Plaintiffs now request attorneys' fees in the amount of $204,574.11 and expenses in the amount of $2,216.61. (Doc. No. 97 at 11.)

ANALYSIS

Under the so-called "American Rule," fees to prevailing parties must be grounded in explicit statutory authority. McQueary v. Conway, 614 F.3d 591, 596 (6th Cir. 2010). In enacting 42 U.S.C. § 1988, Congress explicitly empowered the courts to award fees to parties who win actions under 42 U.S.C. § 1983. Berger v. City of Mayfield Heights, 265 F.3d 399, 403 (6th Cir. 2001) ("[Section] 1988 fees are available for a party succeeding on any type of § 1983 claim."); Miller v. Davis, 267 F. Supp. 3d 961, 976 (E.D. Ky. 2017) (same).[2] Accordingly, a court, in its discretion, may allow a prevailing party a reasonable attorney's fee as part of the costs. Id.; 42

---

[2] An appeal of Miller was filed on November 22, 2017. See Miller v. Davis, Case No. 17-6404, Doc. No. 1 (6th Cir. 2017) (notice of appeal).

U.S.C. § 1988(b). The idea behind § 1988 is to award fees to deserving parties, not to generate satellite disputes over fees. McQueary, 614 F.3d at 598.

The primary issue presented in this motion is whether Plaintiffs are prevailing parties. To "prevail" and thus become eligible for attorney's fees, a party must have obtained a judicially-sanctioned change in the legal relationship of the parties. Toms v. Taft, 338 F.3d 519, 528 (6th Cir. 2003). Usually, only enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees. Id. at 528-29. Stated differently, a plaintiff qualifies as a prevailing party when the plaintiff wins relief on the merits in the form of a court order, consent decree, or judicially-enforced settlement that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Sole v. Wyner, 551 U.S. 74, 82 (2007) ("The touchstone of the prevailing party inquiry. . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."); Kiser v. Reitz, Case No. 2:12-cv-00574, 2018 WL 2937898, at *2 (S.D. Ohio June 12, 2018) (citing Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). Whatever relief the plaintiff receives must benefit him at the time of the judgment or settlement. Kiser, 2018 WL 2937898, at *2.

A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur to result in an award of attorney's fees for the plaintiff. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 605 (2001); McQueary, 614 F.3d at 528. Any modification in the defendant's behavior must be "judicially sanctioned." Miller, 267 F. Supp. 3d at 976. When a plaintiff is successful because the defendant voluntarily elected to change

4

course, even if the litigation was the catalyst for the change, the plaintiff did not prevail. Id. at 977. Here, Plaintiffs did not receive an enforceable judgment on the merits or reach a settlement with Defendants. Nonetheless, Plaintiffs argue that they were a "prevailing party" because the Court granted their Renewed Motion for Preliminary Injunction that allowed them to exercise their First Amendment right in the 2017 special election. (Doc. No. 97 at 5.)

The court-ordered change in the legal relationship between the parties must be enduring and irrevocable. McQueary, 614 F.3d at 597; Miller, 267 F. Supp. 3d at 977. Thus, a preliminary injunction does not establish prevailing-party status if it is reversed, dissolved, or otherwise undone by the final decision in the same case because Section 1988 requires lasting relief, not the temporary, fleeting success that an injunction represents. Id. (citing Sole, 551 U.S. at 83). Here, the preliminary injunction was dissolved through dismissal of Plaintiffs' claims as moot. The lasting relief—in the form of a legislative amendment to Tenn. Code Ann. § 2-10-102(12)(A)—came from the Tennessee General Assembly, not from any court.

In the context of a preliminary injunction, the Sixth Circuit has stated that there is only prevailing party status if the injunction represents "an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because the balance of the equities greatly favors the plaintiff." McQueary, 614 F.3d at 598 (citing Dubuc v. Green Oak Township, 312 F.3d 736, 753 (6th Cir. 2002)). Here, in granting the preliminary injunction, the Court explicitly stated: "Nor should this Court's decision to forego addressing the constitutional issue at this time be read as anything more than being a part of the balancing of the equities, and most certainly not as a reflection of this Court's opinion as to who should be deemed the prevailing party, even if the law changes as Defendants expect." (Doc. No. 69 at 11-12.)

In deciding the Motion for Preliminary Injunction, this Court found it unnecessary to decide the constitutionality of the statute at issue, given the pending legislation to change it. The Court's concern was whether to grant the injunction "until the matter can be decided on the merits." (Doc. No. 69 at 11.) As explained in the Memorandum Opinion, the way to accomplish that goal was "to take Defendants at their word and to make official that which they have promised by enjoining them from enforcement of subsection 12(a) until further order of the Court." (Id. at 11).[3] Put simply, the Court's entry of the preliminary injunction merely maintained the status quo, which is insufficient to confer prevailing party status on Plaintiffs. See N. Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1086 (8th Cir. 2006) ("[E]very . . . court to consider the question has concluded that a preliminary injunction granting temporary relief that merely maintains the status quo does not confer prevailing party status.")

Neither this Court, nor the Sixth Circuit, reached the merits of this case although each court glanced at the merits. Plaintiffs argue that, nonetheless, both courts indicated that Plaintiffs' arguments had merit. The Sixth Circuit stated: "We imagine that the district court would have been hard-pressed to find an interpretation of this statute that satisfies the First Amendment." Jones v. Coleman, 848 F.3d 744, 752 (6th Cir. 2017). This Court called Plaintiffs' arguments "cogent." (See Doc. No. 69 at 9.) However, neither Court analyzed the constitutional issues nor made any findings, factual or legal, concerning those issues. Both courts specifically did <u>not</u> pronounce that Defendants violated the Constitution, but even a judicial pronouncement that the defendant has

---

[3] Defendants repeatedly represented that Plaintiffs did not fit the definition at issue and they would not enforce the statute against Plaintiffs. (Doc. Nos. 23, 63 and 63‒2.) The preliminary injunction did not change that "promise."

violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Kiser, 2018 WL 2937898, at *2.

In McQueary, the court rejected a bright-line rule that procuring injunctive relief alone never or always suffices for attorney's fees under Section 1988, noting that not all preliminary injunctions have merely a catalytic effect (where defendants do not voluntarily change their conduct) and some preliminary injunctions have nothing to do with the merits of the case (like, as in this case, "stay put" or status quo injunctions). McQueary, 614 F.3d at 599-600. Rather, the court held that "a contextual and case-specific inquiry" is required to determine if the preliminary relief constitutes "a lasting change in the legal relationship between the parties." Id. at 601. Here, as in McQueary, Plaintiffs did not just want to participate in just one event; they wanted to invalidate this part of the statute in all its applications and in the future. See McQueary v. Conway, 508 Fed. App'x 522, 523 (6th Cir. 2012). Such relief was never obtained from this Court.

Plaintiffs never received any kind of substantive judgment in this case. The preliminary injunction was not based upon the merits of the case. It simply made official Defendants' agreement or promise not to enforce a statute that was currently under review by the Tennessee General Assembly. (Doc. No. 69 at 10-11.) The Court specifically stated that it was balancing the equities and not reaching the constitutional issues. (Id.) The injunction was temporary, pending amendment (or not) of the relevant legislation. It was neither lasting nor irrevocable.

Moreover, because the law amending the relevant statute rendered this case moot, the Court dismissed the action for lack of subject matter jurisdiction (Doc. No. 80), a decision that Plaintiffs appealed, and the Sixth Circuit upheld (Doc. No. 86). Plaintiffs argued on appeal that the case was not moot and that the Court should declare the statute at issue unconstitutional and make the

7

preliminary injunction permanent. (Doc. No. 74 at 2). But if the preliminary injunction left nothing to be decided, Plaintiffs would have had no reason to oppose the Motion to Dismiss or appeal the decision. Obviously, based on their subsequent actions, Plaintiffs did not believe that the preliminary injunction had given them all the relief they sought. If the preliminary injunction had given Plaintiffs complete relief, they would have had no need to argue to this Court or to the Sixth Circuit that a declaratory judgment and permanent injunction were necessary. Their actions demonstrate that they sought to invalidate the law as applied and to enjoin its enforcement permanently. A result never reached by this Court or the Sixth Circuit.

## CONCLUSION

For these reasons, the Court finds that Plaintiffs are not "prevailing parties," such that they are entitled to attorney's fees and costs under 42 U.S.C. § 1988. Accordingly, Plaintiffs' Motion for Attorney's Fees and Expenses (Doc. No. 88) is denied.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE